IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMMI HARPER,                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   No. 3:06-cv-412
                                        )
HANS BRINKE, SR., and JIMMIE            )
BRINKE,                                 )
                                        )
        Defendants.                     )

## MEMORANDUM AND ORDER

This civil action is before the court on the defendants' motion to strike the complaint [doc. 3]. The plaintiff has responded [doc. 8], and the motion is ripe for the court's consideration. The court finds that oral argument is not necessary, and for the following reasons the motion will be denied.

The defendants' first argument is that the complaint states the home addresses of the parties. The plaintiff, however, has filed an Amended Complaint that corrects this alleged error. Thus, this argument is moot.

Second, the defendants complain about the use of the plaintiff's first name in the complaint while the defendants' last name is used, an alleged violation of Local Rule 83.3(f). This Local Rule, however, concerns "courtroom

decorum" and has no application to pleadings. The court finds that the complaint need not be stricken on this basis.

The defendant's final argument is that the complaint contains material that is "scandalous." See Fed. R. Civ. P. 12(f) (a court may order matters stricken from the complaint if they are "redundant, immaterial, impertinent, or scandalous"). In this case, the factual allegations in the complaint and Amended Complaint describe in some detail the acts of sexual abuse the plaintiff allegedly suffered at the hands of her step-father, defendant Hans Brinke. It is these allegations that the defendants seek to have stricken. In response, the plaintiff contends that the case is about sexual molestation and the acts that occurred are the very basis of the complaint. Relying on the case cited by the defendants, the court finds that the allegations do not "unnecessarily" reflect on the moral character of the defendants, and they have more than a possible relation to the controversy. *See Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Co.*, 720 F. Supp 671, 686 (N.D. Ill. 1989).

The defendants also suggest that the factual allegations were included in the complaint for an "improper motive." In support of this argument, the defendants complain that the plaintiff sent copies of the complaint to some family members and some of defendants' neighbors. The plaintiff's response to this assertion is telling. By affidavit, the plaintiff's husband explains that he sent copies of the complaint as alleged <u>after</u> he discovered that the defendants'

2

attorney had contacted these same individuals and "made representations to these individuals regarding the complaint that were untruthful." Thus, the defendants' argument appears to be disingenuous, at best.

For these reasons, it is hereby **ORDERED** that the defendants' motion to strike the complaint is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge