IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMMI HARPER,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    No. 3:06-cv-412
                                       )
HANS BRINKE, SR., and JIMMIE           )
BRINKE,                                )
                                       )
        Defendants.                    )

# MEMORANDUM AND ORDER

This civil action is before the court on the defendants' motion to dismiss the complaint for failure to state a claim [doc. 4]. The plaintiff has responded [doc. 7] and filed an Amended Complaint [doc. 6]. The court finds that oral argument is not necessary, and it is hereby **ORDERED** that the defendants' motion for oral argument [doc. 9] is **DENIED**. For the following reasons the motion to dismiss will be denied with leave to renew.

On a motion to dismiss alleging a failure to state a claim, the court

> must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. . . When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. . . Hence, a judge may not grant a Rule

12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citations omitted). Taking the plaintiff's allegations as true, the relevant facts are that the plaintiff was subjected to acts of sexual abuse by her stepfather, defendant Hans Brinke, from 1983 to 1985 when she was thirteen to fifteen years old. This abuse occurred in Alaska. In 1989, the plaintiff told her mother, defendant Jimmie Brinke, about the sexual abuse, at which time Hans Brinke admitted to sexually molesting his stepdaughter. Jimmie Brinke convinced her daughter to keep quiet about the abuse and asked her to forgive her stepfather. At other times Jimmie Brinke tried to convince her daughter that the abuse never happened; that someone else abused her; that the plaintiff was responsible for the abuse; and that it was "not a big deal." Hans Brinke later admitted to other family members that he had molested the plaintiff but claimed it was consensual.

The plaintiff claims that in the spring of 2006, she became aware that the abuse was not her fault and that it had had a negative impact on her life, causing severe emotional and psychological damage. She began counseling in May 2006. This lawsuit was filed on October 30, 2006, twenty-one years after the abuse ended. She has stated claims for felony sexual abuse of a minor, assault and battery, and intentional and negligent infliction of emotional distress.

In their motion to dismiss, the defendants argue that Alaska law requires that the plaintiff's complaint be dismissed for failure to file her claims within the applicable statute of limitations. At the time the plaintiff was allegedly abused, Alaska's statute of limitations for torts, both intentional and negligent, was two years. Alaska Stat. § 09.10.070. However, the statute of limitations is tolled if the plaintiff was a minor. Alaska Stat. § 09.10.140. In 2001, and again in 2003, the Alaska legislature modified the statute of limitations for sexual abuse claims. The statute now provides that a "person may bring an action at any time for conduct" amounting to felony sexual abuse, assault, or exploitation of a minor. Alaska Stat. § 09.10.065. The legislature did not make the change retroactive, and the Alaska Supreme Court has held that the new statute of limitations for felony sexual abuse does not apply to causes of action that were already time-barred before 2001. *See Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719 (Alaska 2006) ("AS 09.10.065 does not act retrospectively to revive time-barred claims"). Thus, the defendants argue that the plaintiff's claims must be dismissed.

However, the plaintiff argues that the discovery rule applies to her claims and they are not time-barred. In Alaska the discovery rule tolls the statute of limitations "until a person discovers or reasonably should have discovered the essential elements of his cause of action." *Id.* at 721. The plaintiff says that she was not aware of the essential elements of her cause of action until spring 2006

3

when she discovered the causal connection between the abuse and the psychological and emotional damage she sustained.  The defendants argue that the plaintiff was aware of the abuse at the time it happened; thus, she was aware of the essential elements of her causes of action, including her injury, in 1985, so her claims had to have been filed no later than two years after she reached eighteen years of age.

Concerning the application of the discovery rule to cases of sexual abuse, the Alaskan Supreme Court stated in *Does 1-6*:

> A motion to dismiss should not be granted if "evidence may be introduced that will sustain a grant of relief to the plaintiff."  Under the discovery rule, the date on which the statute of limitations begins to run is a question of fact.  We cannot rule out the possibility that evidence may be introduced that will show that the statute of limitations has not run. . . . We observe that once sufficient discovery is conducted, the statute of limitations affirmative defense should be resolved in advance of trial.  If a genuine issue of material fact is presented it should be resolved in advance of trial by the superior court as "a preliminary question of fact" following an appropriate evidentiary hearing.

*Id.* at 725 (citations omitted).  The court finds that the situation before this court is like that in *Does 1-6*.  No discovery has been taken, and the plaintiff may be able to come forward with evidence to show that the statute of limitations has not run.

Therefore, it is hereby **ORDERED** that the defendants' motion to dismiss is **DENIED WITH LEAVE TO RENEW** after the parties have had an

opportunity to conduct sufficient discovery on the statute of limitations issue.  It is further **ORDERED** that the defendants' shall file an answer to the Amended Complaint within twenty days of the entry of this Memorandum and Order.

ENTER:

_s/ Leon Jordan_
United States District Judge