UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMMI HARPER,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )   No. 3:06-CV-412
                                           )   (JORDAN/GUYTON)
HANS BRINKE, Sr., and JIMMIE BRINKE,       )
                                           )
            Defendants.                    )

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 22] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of Defendants' Motion to Compel Production of Complete and Unredacted Diary Entries [Doc. 21]. The defendants move the Court to order the plaintiff to disclose the complete and unredacted contents of her personal diary. The plaintiff opposes the defendants' motion, arguing that the redacted information is privileged. The Court notes that the plaintiff has provided the defendants with a copy of her diary entries, but that copy contained twenty-four redactions of what the plaintiff contends is privileged information. The plaintiff has also provided a privilege log identifying the privilege associated with each redaction. The Court has conducted an *in camera* review of the unredacted diary entries and the matter is now ripe for adjudication. For the reasons that follow, the defendants' motion will be denied.

1

The plaintiff has identified two different privileges that she argues protect the twenty-four redacted diary entries. Plaintiff contends that some of the redacted entries, specifically redactions 7 - 10 and 12-24 ("Group 1"), are protected by the attorney-client privilege because the diary entries recount protected communications between the plaintiff and her attorney. Plaintiff contends that the remaining redactions, redactions 1-6 and 11 ("Group 2") are protected spousal communications.

### I. Choice of Law

Before addressing whether the redacted entries are protected by the claimed privileges, the Court must first determine what state's laws apply. The long standing rule is that "all matters respecting the remedy and admissibility of evidence depend upon the law of the State where the suit is brought." The Supreme Lodge v. Meyer, 198 U.S. 508, 517 (1905). Thus, the Court will look to the law of the forum, Tennessee, to determine whether the diary entries are privileged communications.

### II. Attorney-Client Privilege

In Tennessee the attorney-client privilege is found at Tenn. Code Ann. § 23-3-105 and is simply a codification of the common law principle. Kalyawongsa v. Moffett, 105 F.3d 283, 290 n.3 (6th Cir. 1997). The common law principle mandates that "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." Fisher v. United States, 425 U.S. 391, 403 (1976). "As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties. In addition, a client may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure." Tenn. Laborers Health & Welfare Fund v. Columbia/HCA Healthcare Corp., 293 F.3d

289, 294 (6th Cir. 2002) (citations omitted). Having performed an *in camera* review of the unredacted diary entries, the Court finds that the Group 1 entries are covered by the attorney-client privilige. Therefore, the Court must determine whether that privilege has been waived.

The defendants contend that the plaintiff has waived the privilege by memorializing her potentially privileged communications with her attorney in her diary. The Court is unaware of any Tennessee jurisprudence addressing whether an individual waives the attorney-client privilege by recording the protected communication in a private diary, nor have the parties referenced any such jurisprudence. However, other courts have addressed the issue and held that the attorney-client privilege is not waived when the client memorializes the protected communications in his or her diary. United States v. Defonte, 441 F.3d 92, 95 (2d Cir. 2006) (holding that memorializing protected communications in a private journal did not waive the attorney-client privilege); Alexander v. Federal Bureau of Investigation, 186 F.R.D. 154, 161 (D.D.C. 1999) ("[T]he attorney client privilege applies to entries in a client's diaries that describe communications from attorneys or are based on such communications. This principle has been followed by each court to have addressed this matter."). The Court finds these cases to be persuasive and holds that the plaintiff has not waived the privilege by memorializing her privileged communications with her attorney in her private diary. Accordingly, the defendants' motion [Doc. 21] is denied with respect to the Group 1 diary entries.

**III. Spousal Privilege**

Tennessee's spousal privilege states in pertinent part that:

In a civil proceeding, confidential communications between married persons are privileged and inadmissible if either spouse objects. This communications privilege shall not apply to proceedings between spouses or to proceedings concerning abuse of one (1) of the spouses

> or abuse of a minor in the custody of or under the dominion and control of either spouse, including, but not limited to, proceedings arising under title 36, chapter 1, part 1; title 37, chapter 1, parts 1, 4 and 6; title 37, chapter 2, part 4; and title 71, chapter 6, part 1. This confidential communications privilege shall not apply to any insured's obligations under a contract of insurance in civil proceedings.

Tenn. Code Ann. § 24-1-201. The defendants contend that the plain language of the statute creates an exception for any communications "concerning the abuse of one (1) of the spouses," therefore the privilege does not apply in this case.

"It is an elementary rule of statutory construction that [courts] . . . . initially look to the plain language of the statute to determine the meaning of legislation." McBarron v. S & T Indus., Inc., 771 F.2d 94, 97 (6th Cir. 1985). The Sixth Circuit has observed that:

> The primary function of the courts in construing legislation is to effectuate the legislative intent. Legislative intent may be ascertained from the clear language of the statute itself or from available legislative materials which clearly reveal this intent. Where the literal language of the statute does not conclusively reveal legislative intent, the courts must look beyond literal meaning, analyzing the provision in context with the whole.

Ray v. Security Mutual Finance Corp., 731 F.2d 358, 360-61 (6th Cir. 1984). The Sixth Circuit has also stated that "[o]ur . . . task in determining the scope of [a] . . . statute is to examine its language. We note that 'if the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" United States v. Premises Known as 8584 Old Brownsville Rd., 736 F.2d 1129, 1130 (6th Cir. 1984). The Tennessee Supreme Court has held similarly. See Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000) (holding that the role of the court in construing statutes is to ascertain and give effect to the legislative purpose and intent without unduly restricting or expanding the coverage of the statute

beyond its intended scope). The Court further notes that the United States Supreme Court has held that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982).

In analyzing the exception established in Tennessee statute, the Court finds that there is some ambiguity in the statute as to whether the language providing that the privilege does not apply to communications concerning the abuse of one spouse can be utilized by a non-spouse, or if it is only intended to prevent an abusive spouse from using the privilege to protect his or her abusive behavior. Given the ambiguity, the Court must attempt to ascertain the intent of the legislature.

The United States Supreme Court, in analyzing the common law spousal privilege as applied in federal courts, has also held that an abusive spouse cannot use the privilege to prevent his victim from testifying. Wyatt v. United States, 362 U.S. 525, 526-27 (1960). The Court finds that the exception found in Tenn. Code Ann. § 24-1-201 is meant to codify this same common law principle, that an abusive spouse cannot hide behind the privilege. It is not intended to allow a third party to invade the private communications between a victim and the victim's spouse. To read any other meaning into the statute would completely subvert the clear intent of the legislature to protect spousal communications, except in the limited circumstances of when one spouse abuses another spouse (or a child in the custody of either spouse). This Court cannot approve the reading of the law proposed by the defendants, as it is clearly, and completely, at odds with the intent of the statute. Accordingly, the Court finds that these Group 2 diary entries are protected by the spousal privilege. Additionally, the Court finds, by analogy to the attorney-client privilege, that the plaintiff has not waived the privilege by memorializing the communications in her private diary. Thus, the

5

defendants' motion [Doc. 21] is denied with respect to the Group 2 entries.

### IV. Conclusion

For the reasons described above, the defendants' motion [Doc. 21] is hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton    
United States Magistrate Judge