UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TAMMI HARPER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-412 |
| | ) | (JORDAN/GUYTON) |
| HANS BRINKE, Sr., and JIMMIE BRINKE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 27] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of the defendants' Motion for Order Permitting Counsel to Obtain Plaintiff's Records. [Doc. 18.] The defendants move the Court to enter an Order authorizing the defendants to obtain medical, therapy, and law enforcement records related to this case. The plaintiff opposes the defendants' motion, arguing that the plaintiff has already provided all relevant information and that the remaining records sought by the defendants are not relevant.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties in a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Thus, the Court must determine whether the information sought is relevant and whether it is privileged. In discussing the relationship between doctors and patients in Tennessee, the Tennessee Supreme Court has held that:

> [a]lthough no testimonial privilege protecting doctor-patient communications has ever been recognized by this Court or declared by Tennessee statute, in Givens v. Mullikin, 75 S.W.3d 383 (Tenn. 2002), we recognized an implied covenant of confidentiality in

1

> medical-care contracts between treating physicians and their patients. This covenant forbids doctors from "releas[ing] without the patient's permission . . . any confidential information gained through the [physician-patient] relationship." Givens, 75 S.W.3d at 407. We explained in Givens that the covenant of confidentiality arises not only from the implied understanding of the agreement between patient and doctor, but also from a policy concern that such private and potentially embarrassing information should be protected from public view.

Alsip v. Johnson City Med. Ctr., 197 S.W.3d 722, 726 (Tenn. 2006) (citations omitted). However, the Alsip court also recognized that "public policy considerations reflected in the Tennessee Rules of Civil Procedure require that the covenant of physician-patient confidentiality be voided for the purpose of discovery." Id. The Federal Rules of Civil Procedure require no less.

Similarly, the Alaska Supreme Court has held that a plaintiff waives any doctor patient privilege with the filing of a personal injury lawsuit "as to all information concerning the health and medical history relevant to the matters which the plaintiff has put in issue. The scope of the waiver extends to all matters pertinent to the plaintiff's claim, including but not limited to those matters the relevancy of which is based on a historical or causal connection." Langdon v. Champion, 745 P.2d 1371, 1373 (Alaska 1987)(citation omitted). California and Rhode Island both recognize a statutory doctor patient privilege, but that privilege yields to the formal discovery process initiated when the patient files a civil action. Cal. Evid. Code § 996; R.I. Gen. Laws § 5-37.3-4(b)(8)(ii).

Thus, whether the Court looks to the law of the forum or the law of the state where the plaintiff received treatment, the plaintiff can not assert the doctor patient privilege to protect information relevant to the lawsuit. Given that the plaintiff has alleged severe psychological and emotional damage, her records relating to any psychological treatment necessitated by the plaintiff's

2

alleged abuse by the defendants are relevant and discoverable. Nor must the defendant rely upon the plaintiff's assurances that she has provided the defendant with all relevant material. The Federal Rules of Civil Procedure allow parties to seek document production from outside sources, including the plaintiff's doctors. Should the plaintiff prove unwilling to cooperate in the discovery process, the Rules also set forth the appropriate sanctions and remedies for such recalcitrance, ranging from preventing the plaintiff from introducing the evidence in question at trial, to the dismissal of the action.

However, the Rules do not provide for unlimited discovery. Rather, they only provide for the discovery of relevant information. The Court finds that the medical records relating to any psychological treatment or therapy the plaintiff has received subsequent to her alleged abuse by the defendants is relevant. The defendants have also requested unlimited access to the plaintiff's other medical records. The Court finds the defendants' request to be overbroad, as any treatment the plaintiff received unrelated to the events at issue in this case is irrelevant and not open to discovery. Similarly, any law enforcement records related to the events at issue are subject to discovery, but only those records related to the events at issue, and not every record of every contact the plaintiff may have ever had with law enforcement.

The Court will not, at this time, enter an Order directing third parties to turn over documents. To the extent that the defendants are moving for an order compelling the plaintiff to assist them in the discovery of relevant documents, specifically by providing a waiver allowing the defendants to communicate directly with the plaintiff's doctors who have provided treatment relevant to the events at issue, their motion is **GRANTED in part**. Should the plaintiff seek further protection of any confidential information disclosed in this matter, she may provide to the

3

defendants a proposed protective order and if the defendants agree on the order, it may be submitted to the Court as a Consent Order. If the plaintiff and the defendants can not agree on a protective order, the plaintiff may submit a proposed order to the Court. To the extent that the defendants seek unlimited access to the plaintiff' entire medical history and to every contact the plaintiff has ever had with law enforcement, their motion is **DENIED in part** as overbroad. If the parties are unable to resolve this issue within thirty (30) days of the entry of this Order, the defendants may renew their motion at that time.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge