IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMMI HARPER,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )      No. 3:06-cv-412
                                           )
HANS BRINKE, SR., and JIMMIE               )
BRINKE,                                    )
                                           )
        Defendants.                        )

## MEMORANDUM OPINION

This civil action is before the court on the defendants' motion for summary judgment [doc. 32]. The plaintiff has filed a response [doc. 34], and the defendants have filed a reply [doc. 35]. The plaintiff has also filed a supplement to her original responsive brief [doc. 36]. The court finds that oral argument on the issue raised in the defendants' motion is not necessary, and the motion is ripe for the court's consideration. The only issue raised in the motion for summary judgment is whether the plaintiff filed her complaint within the applicable statue of limitations. For the reasons discussed below, the defendants' motion for summary judgment will be denied.

The original complaint in this diversity case was filed on October 30, 2006. At the time the complaint was filed, the plaintiff lived in Rhode Island, the defendants resided in the Eastern District of Tennessee, and the cause of action arose in Alaska.

In her Amended Complaint, the plaintiff alleges that she was sexually abused by her stepfather from 1983 to 1985 when the plaintiff was thirteen to fifteen years old. Defendant Hans "Jerry" Brinke admits in his answer that he had unlawful sexual contact with his stepdaughter during this time period. The unlawful sexual contact occurred in Alaska. The plaintiff seeks damages from Jerry Brinke for felony sexual abuse of a minor, intentional infliction of emotional distress, and assault and battery.

The plaintiff's claims against her mother, Jimmie Brinke, are for intentional and negligent infliction of emotional distress. The plaintiff claims that when she told her mother of the abuse in 1989, and since that time, her mother convinced her to keep silent about the abuse, told her she had no legal remedy, excused the abuse as something Jerry Brinke "didn't mean to," suggested that the abuse was consensual, and even suggested that the plaintiff provoked the abuse because of the way she dressed.

The plaintiff claims that she only recently became aware of the enormous psychological and emotional injuries she suffers because of Jerry Brinke's sexual abuse of her when she was a minor. She claims that her own

2

coping mechanisms and her mother's "brainwashing" kept her from perceiving or knowing the extent of her injuries. She states that in May 2006 when she began to receive counseling, she began to understand the negative impact that the unlawful sexual abuse had on her life. The plaintiff alleges that she is unable to work because she cannot leave her two small daughters in day care for fear that they will be abused. She also says that she suffers from sleeplessness, flashbacks, sexual dysfunction, anger, depression, and a sense of abandonment.

## **Legal Discussion**

### A. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." As the Supreme Court stated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), this "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Thus, the moving party's burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Id.*

at 325. In order for a non-moving party to defeat a motion for summary judgment, the non-moving party must come forward with persuasive evidence to support his or her claim or demonstrate that there is a genuine material factual dispute; that is, the non-moving party must produce evidence on which the jury could reasonably find for the non-moving party. *Id.* at 324.

In diversity cases, a federal court must decide what substantive law to apply. The court "must first look to the forum state's choice of law statute." *See Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328 (6th Cir. 1989). "Tennessee's choice of law rules indicate that the law of the state in which the tort claim arises controls." *Id.* Because the alleged wrongs occurred in Alaska, that state's substantive law applies to the plaintiff's causes of action. There is no dispute between the parties as to this conclusion.

There is a dispute, however, as to whether Alaska or Tennessee law controls on the issue of the statute of limitations to be applied to the plaintiff's causes of action. The defendants contend that Tennessee's one-year statute of limitations applies; that the plaintiff's causes of action accrued many years before she filed her lawsuit; and that the plaintiff's claims are therefore barred. In the alternative, the defendants argue that even if this court applies Alaska's statute of limitations, the plaintiff's claims are barred for the same reasons.

4

## B. Tennessee's Choice of Law for Statutes of Limitations

Generally, Tennessee courts (and federal courts sitting in diversity in Tennessee) apply the statute of limitations of the forum as a "procedural" measure. *See, e.g.*, *Whitfield v. City of Knoxville*, 756 F.2d 455, 461 (6th Cir. 1985); *Mackey v. Judy's Foods, Inc.*, 654 F. Supp. 1465, 1469 (M.D. Tenn. 1987), *aff'd*, 867 F.2d 325 (6th Cir. 1989). There are exceptions to this general rule, however, and one of them applies in this case. Another state's statute of limitations must be applied by the trial forum if the statute of limitations not only limits the remedy, but also affects the substantive right. *Whitfield*, 756 F.2d at 461-62. Such a statute of limitations is considered substantive if it is built into the same statute that creates the cause of action. *Id.; see also Davis v. Mills*, 194 U.S. 451, 454 (1903) (holding that the "limitation goes to the right created, and accompanies the obligation everywhere").

In the present case, the Alaska statute that creates a cause of action for sexual abuse of a child provides as follows:

> (a) A person may bring an action at any time for conduct that would have, at the time the conduct occurred, violated provisions of any of the following offenses:
>    (1) felony sexual abuse of a minor;
>    (2) felony sexual assault: or
>    (3) unlawful exploitation of a minor.
>
> (b) Unless the action is commenced within three years of the accrual of the claim for relief, a person may not bring an action for conduct that would have, at the time

> the conduct occurred, violated the provisions of any of
> the following offenses:
> (1) misdemeanor sexual abuse of a minor;
> (2) misdemeanor sexual assault;
> (3) incest; or
> (4) felony indecent exposure.

Alaska Stat. § 09.10.065 (effective October 1, 2001).[1] As can be readily seen, the Alaska statute creating a cause of action for felony sexual abuse of a minor specifically includes a statute of limitations ("at any time"). The court finds that under Tennessee's choice-of-law rules, the statute of limitations is "substantive" since it is "built into the same statute that creates the cause of action," and this court should apply Alaska's statute of limitations to the facts of this case. *Mackey*, 654 F. Supp. at 1469.

### C. The Accrual of the Plaintiff's Causes of Action

Initially, it must be pointed out that the Alaska Supreme Court has held that the unlimited statute of limitations in Alaska Stat. § 09.10.065 "does not act retrospectively to revive time-barred claims." *Catholic Bishop of N. Alaska v. Does*, 141 P.3d 719, 725 (Alaska 2006). Thus, if the plaintiff's causes of action accrued prior to October 1, 1998, they are time barred.[2]

---

[1] The predecessor statute provided for a three-year statute of limitations for bringing an action for sexual abuse of a minor. Alaska Stat. § 09.10.060 (1990); *see also* Alaska Stat. § 09.10.140(b) (providing for a three-year limitations period after reaching age of majority for minors who have been subjected to sexual abuse).

[2] After October 30, 2001, the plaintiff could bring her causes of action "at any time." Prior to that date, she had three years to file her lawsuit after she reached her age of majority.

6

Ordinarily, a cause of action accrues when a plaintiff is injured. *Pedersen v. Aielski*, 822 P.2d 903, 906 (Alaska 1991). However, in Alaska like most other jurisdictions, there is a discovery rule: "[w]here an element of a cause of action is not immediately apparent, the discovery rule provides the test for the date on which the statute of limitations begins to run." *John's Heating Service v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002). Generally, under the discovery rule,

> the statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action. Thus we have said the relevant inquiry is the date when the claimant reasonably should have known of the facts supporting her cause of action. We look to the date when a reasonable person has enough information to alert that person that he or she has a potential cause of action or should begin an inquiry to protect his or her rights.

*Id.* (quoting *Mine Safety Appliances v. Stiles*, 756 P.2d 288, 291 (Alaska 1988)).

This general statement of the discovery rule appears to have been statutorily modified by the Alaska Legislature in cases of sexual abuse. For example, Alaska Stat. § 09.55.650 provides:

> (a) A person who, as a minor under 16 years of age, was the victim of sexual abuse may maintain an action for recovery of damages against the perpetrator of the act or acts of sexual abuse based on the perpetrator's intentional conduct **for an injury or condition suffered as a result of the sexual abuse**.

7

> (b) If the defendant committed more than one act of
> sexual abuse on the plaintiff, the plaintiff is not required
> to prove which specific act caused the injury.

Alaska Stat. § 09.55.650 (emphasis added).  Also, the Alaska statute that tolls the statute of limitations for minors specifically addresses sexual abuse.  For other causes of action a minor has two years after he or she reaches 18 years of age to bring a action.  Alaska Stat. § 09.10.140.  For claims of sexual abuse, however, the statute provides:

> (b) An action based on a claim of sexual abuse under
> AS 09.55.650 that is subject to AS 09.10.065(b) may be
> brought more than three years after the plaintiff reaches
> the age of majority if it is brought under the following
> circumstances:
>     (1) if the claim asserts that the defendant committed
> one act of sexual abuse on the plaintiff, the plaintiff shall
> commence the action within three years **after the
> plaintiff discovered or through use of reasonable
> diligence should have discovered that the act
> caused the injury or condition**;
>     (2) if the claim asserts that the defendant committed
> more than one act of sexual abuse on the plaintiff, the
> plaintiff shall commence the action within three years
> **after the plaintiff discovered or through use of
> reasonable diligence should have discovered the
> effect of the injury or condition attributable to the
> series of acts; a claim based on an assertion of
> more than one act of sexual abuse is not limited to
> plaintiff's first discovery of the relationship between
> any one of those acts and the injury or condition,
> but may be based on plaintiff's discovery of the
> effect of the series of acts.**

Alaska Stat. § 09.10.140(b) (emphasis added).  The language of both of these sections was first inserted into the statutes in 1990.

8

The language used in these two statutes indicates that in the case of child sexual abuse, a cause of action does not accrue until the child discovers that she has suffered an injury or condition caused by the sexual abuse. The South Dakota Supreme Court, when discussing an almost identical codified discovery rule, explained this best:

> Imagine being pricked on the arm with a pin. At first, such an intrusion would be disturbing, but with time might seem uneventful. Now imagine the pin carried a dreaded affliction, only discoverable after years of incubation. Such is often the nature of childhood sexual abuse. Many children only realize years later the true significance of the abuse they endured, especially in cases where the molestation occurred at the hands of family members or other trusted individuals. For some children, sexual violation is so traumatic it becomes psychologically self-concealing, if only to preserve sanity.

*Stratmeyer v. Stratmeyer*, 567 N.W.2d 220, 222-23 (S.D. 1997).[3]

---

[3] South Dakota has a special discovery rule for persons bringing claims for childhood sexual abuse:

> Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim **discovered or reasonably should have discovered that the injury or condition was caused by the act**, whichever period expires later.

S.D. Codified Laws § 26-10-25 (1991) (emphasis added). Like Alaska and South Dakota, other jurisdictions also have codified a special discovery rule for childhood sexual abuse. For example, Kan. Stat. Ann. § 60-523 provides in relevant part: "No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced . . . more than three years from the date the person discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse . . . .". Also, N.J. Stat. Ann. § 2A:61B-1 states: "In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse . . . ." Still other jurisdictions have judicially expanded their discovery rule in cases of child sexual abuse: *see, e.g.*, *Frideres v. Schiltz*, 113 F.3d 897, 898-99 (8th Cir. 1997) (finding that Iowa's discovery rule allows "a person who has always remembered some specific act or acts of sexual abuse [to] rely on the discovery rule in those instances where the nexus between those

9

The court notes that there are two fairly recent Alaska trial court opinions that find that the discovery rule did not apply. *Doe v. Diocese of Sitka & Alaska*, No. 3AN-05-12708 CI, (Alaska Super. Ct., 3d Jud. Dist. Sept. 26, 2006); *Doe 2 v. Poole*, No. 2NO-04-83 CI (Alaska Super. Ct., 2d Jud. Dist. Dec. 16, 2005). The alleged perpetrators of the abuse in both cases were Catholic priests. In *Doe*, the court merely found that the 2001 amendments allowing such lawsuits "at any time" was not retroactive and the court did not consider whether the discovery rule would have applied. In *Doe 2*, the court found that the plaintiff had to have known of at least some of her injuries because she contacted a venereal disease, became pregnant, and was forced to have an abortion by the priest who abused her. The court declined to apply the discovery rule given these injuries. The court finds that these two cases are not instructive on the issue before this court.

The parties have provided the court with excerpts from the plaintiff's deposition,[4] and the plaintiff has submitted an affidavit and a report of a

---

specific acts and the claimed injuries is not discovered"); *Ross v. Garabedian*, 742 N.E.2d 1046, 1050 (Mass. 2001) (rejecting the argument "that the plaintiff's contemporaneous knowledge that the contested behavior [child sexual abuse] was 'wrong' and 'shameful' constituted sufficient 'harm' to trigger the statute of limitations"); and *Hammer v. Hammer*, 418 N.W.2d 23, 26 (Wis. Ct. App. 1987) (holding "as a matter of law, that a cause of action for incestuous abuse will not accrue until the victim discovers, or in the exercise of reasonable diligence should have discovered, the fact and cause of the injury"). In *Hammer*, the court also found that "the policy justification for applying the statute of limitations to protect defendants from the 'the threat of liability for deeds in the past' is unpersuasive in incestuous abuse cases." *Hammer*, 418 N.W.2d at 27.

[4] The court notes that in some cases, the excerpts are so abbreviated that there is no context to the questions and answers.

psychiatrist who examined her in January 2008. Since there is no other evidence before the court, there are no questions of material fact on the statute of limitations issue. Based on the plaintiff's statements, the defendants argue that she knew that the abuse by her stepfather was wrong when it occurred or shortly thereafter; thus, she had only a few years after she reached her age of majority in 1988 to file her lawsuit. The plaintiff contends that she did not perceive the harm that the abuse caused until much later when she was an adult, and her lawsuit was timely filed.

      The plaintiff admitted in her deposition that she knew by the time she was 18 or 19 years old that the abuse she suffered was wrong. She admits that she has been sad, depressed, and angry and has suffered from low self esteem her whole life. She believed that everyone had these problems, and she testified that she did not connect her emotional problems with the abuse until recently. Other than a one-time visit to a counselor when she was in college, she received no counseling or treatment until May 2006. Years before, the plaintiff's mother suggested that the plaintiff get some counseling, but she evidently suggested it telling the plaintiff that she needed to forgive herself for what she did with her stepfather. While in college she repeatedly listened to a song about abuse, and she would scream and cry. Over the years she told her mother, brother, friends and other family members about the abuse.

11

In 2004, the plaintiff purchased a book entitled "Right to Innocence." Although the book helped her to understand what had happened to her, she was not healing. She admitted that the book helped her to understand that the reason she was always "down" was because of the abuse. She stated, however, that she did not connect her problems with the abuse until she began counseling in May 2006. The psychiatrist who examined her in January 2008 for purposes of this lawsuit opines that the plaintiff "did not discover the connection between the sexual abuse to her during her childhood and her subsequent damages until recently." *See* Doc. 36, exh. 1.

The plaintiff stated that everything is much worse now because she did not deal with it when she was younger. She lives with severe hate, low self esteem and suicidal thoughts. In therapy she has come to identify several "triggers" that over the years have caused her to have flashbacks of the sexual abuse.

Based on the plaintiff's testimony at her deposition, there does not appear to be any question that the plaintiff knew the abuse was wrong by at least 1989. But, it is undisputed that she did not begin to connect her psychological and emotional problems, problems she has had her whole life, with the sexual abuse until she purchased the book in 2004. The court finds, based on the evidence in the record, that the plaintiff did not discover prior to October 1, 1998, that the childhood sexual abuse she suffered caused the injury or conditions for

which she seeks damages in this lawsuit. As of 2004 when the plaintiff arguably began to connect the abuse with her psychological problems, the Alaska statute of limitations would allow her to file her lawsuit for damages "at any time." Therefore, the plaintiff's claims are not time-barred.

## **Conclusion**

In their motion for summary judgment, the defendants seek dismissal of all the plaintiff's claims because they are "time-barred as a matter of law." For the reasons discussed above, the court finds that the plaintiff's claims are not time-barred under the Alaska discovery rules applicable to child sexual abuse cases. The defendants have not addressed whether any of the specific claims against either of the defendants should be dismissed, and this court offers no opinion on these issues. The court finds that the defendants are not entitled to summary judgment on the only issue before the court. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge